UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MALAW S.,

                         Plaintiff,       <u>DECISION AND ORDER</u>
                                               7:20-CV-06576-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In October of 2017, Plaintiff Malaw S.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications in part.  Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12).

This case was referred to the undersigned on January 26, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 24, 26). For the following reasons, Plaintiff's motion is denied, the Commissioner's motion is granted, and this case is dismissed.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on October 2, 2017, alleging disability beginning July 1, 2016. (T at 14, 54, 55).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on April 19, 2019, before ALJ David Suna. (T at 30). Plaintiff appeared with an attorney and testified. (T at 35-42). The ALJ also received testimony from Christina Boardman, a vocational expert. (T at 43-52).

### B.    ALJ's Decision

On May 3, 2019, the ALJ issued a decision denying the applications for benefits in part. (T at 10-28).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2016 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2021 (the date last insured). (T at 16).  The ALJ concluded that Plaintiff's obesity; glaucoma, status-post retinal detachment

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 17.

surgery of the left eye; bilateral knee osteoarthritis; and asthma were severe impairments as defined under the Act. (T at 16).

The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 17).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, knee, crouch, or crawl; have no exposure to hazards; is limited to jobs that do not require binocular vision; and can have no more than occasional exposure to dust, odors, fumes, and pulmonary irritants. (T at 17-18).

The ALJ concluded that Plaintiff could not perform her past relevant work as a dental assistant. (T at 22). However, considering Plaintiff's age category (which changed on February 4, 2018, to an individual of advanced age), education (marginal, but able to communicate in English), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed prior to February 4, 2018. (T at 22).

Effective February 4, 2018, when Plaintiff's age category changed to an individual of advanced age, the ALJ found that there were no jobs in significant numbers in the national economy that Plaintiff could perform. (T at 24).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between July 1, 2016 (the alleged onset date) and February 4, 2018 (the date her age category changed).  (T at 24).

The ALJ found, however, that Plaintiff was disabled and thus entitled to benefits for the period between February 4, 2018, and May 3, 2019 (the date of the ALJ's decision). (T at 24).  On June 26, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 18, 2020. (Docket No. 1).  On November 4, 2021, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 24, 25).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on January 3, 2022. (Docket No. 26, 27).  On January 24, 2022,

Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 28).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  She contends that the ALJ did not properly assess the medical opinion evidence.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's applications for benefits were filed on October 2, 2017 (T at 14), the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion,

8

with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

Plaintiff challenges the ALJ's consideration of opinions from two treating medical sources, Dr. Neil Patel (her treating ophthalmologist) and Dr. Chaula Patel (her treating primary care physician).

A.     *Dr. Neil Patel (Ophthalmologist)*

In December of 2017, Dr. Neil Patel, Plaintiff's treating ophthalmologist, completed a Wellness Plan Report.  Dr. Patel noted diagnoses of retinal detachment and primary open angle glaucoma. (T at 337).  He opined that Plaintiff was unable to work for at least 12 months and "may be eligible for long term disability benefits." (T at 338).

Dr. Patel completed a vision impairment questionnaire in March of 2019.  He reported that Plaintiff's vision in her left eye would not improve but noted that she had 20/20 vision in her right eye with glasses. (T at 603).  Dr. Patel stated that Plaintiff had very limited light perception vision in her left eye. (T at 604-605).  He assessed significant limitations in Plaintiff's ability to read normal sized print, process visual information, avoid normal work hazards, walk on uneven terrain, and work with small objects. (T at 606).  He reported that Plaintiff's experience of eye pain or other symptoms was severe enough to frequently interfere with her attention and concentration. (T at 607).  Dr. Patel does not believe Plaintiff is a malingerer and opined that she would likely be absent from work about two to three times per month due to her impairments or treatment. (T at 607).

The ALJ did not specifically address Dr. Patel's December 2017 report and found the physician's March 2019 assessment "not persuasive."

(T at 20).  Plaintiff challenges the ALJ's failure to address the 2017 report and decision to discount the 2019 opinion.  For the following reasons, the Court concludes that the ALJ's decision is supported by substantial evidence and is consistent with applicable law.

First, the ALJ was not bound to give any consideration to Dr. Patel's conclusory statement in 2017 that Plaintiff was unable to work and might be eligible for benefits.  *LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017) ("However, whether LaValley qualifies as 'disabled' under the statute is a decision reserved to the Commissioner.").

Second, the ALJ reasonably found Dr. Patel's 2019 assessment of disabling visual limitations inconsistent with the treatment record, which showed loss of vision in the left eye, but consistently documented normal (20/20-20/30) vision in the right eye with glasses. (T at 319, 367, 385, 389-90, 395, 397, 400, 402, 405, 407, 410, 412, 415, 418, 422, 424, 427, 430, 434, 603).  Plaintiff described her right eye vision as "good." (T at 39).  Dr. Patel's own report discloses that Plaintiff could work with large objects and travel alone by bus. (T at 606).  He further stated that Plaintiff would need to take unscheduled breaks "infrequently" to use eye drops. (T at 607). Considering this evidence, the ALJ reasonably found Dr. Patel's assessment of frequent work absences and inability to attend and

concentrate not supported by, or consistent with, the overall record. *See Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.").

Third, the ALJ relied on the opinion of Dr. A. Saeed, a non-examining State Agency review consultant, who opined that Plaintiff could perform light work, subject to limitations related to her visual acuity and depth perception in her left eye. (T at 21, 62). "'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the opinion of a non-examining medical expert … may be considered substantial evidence if consistent with the record as a whole.").

Notably, the ALJ did not completely discount Plaintiff's visual impairments.  Rather, the ALJ expressly accounted for Plaintiff's visual impairment by limiting Plaintiff to jobs that do not require binocular vision. (T at 18).  When the record contains conflicting medical opinions and evidence, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").  The ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).  Here, for the reasons discussed above, the Court concludes that the ALJ's reconciliation of the evidence satisfies that standard.

B.    *Dr. Chaula Patel (Primary Care Physician)*

Dr. Chaula Patel, Plaintiff's treating primary care physician, completed a medical source statement in January of 2018.  Dr. Patel noted diagnoses of diabetes, hypertension, and chronic pain. (T at 536).  Dr. Patel opined that Plaintiff's experience of pain was severe enough to often interfere with attention and concentration. (T at 537).  Dr. Patel reported

that Plaintiff could sit, stand, or walk for more than 3 hours before needing to alternate positions, and could sit, stand, or walk for 4 hours cumulatively during an 8-hour workday. (T at 537-38).  Dr. Patel stated that Plaintiff could work with normal breaks, frequently lift 5 pounds, occasionally lift 10 pounds, and occasionally stoop. (T at 538-39).  According to Dr. Patel, Plaintiff would likely be absent from work less than once a month due to her impairments or treatment. (T at 541).

The ALJ found Dr. Patel's opinion "somewhat persuasive," but found the physician's exertional limitations inconsistent with the treatment notes and other opinion evidence. (T at 21).  The ALJ's consideration of Dr. Patel's opinion is supported by substantial evidence.

The treatment notes document "off and on" knee pain, but with consistent findings of normal strength, range of motion, and sensation. (T at 551, 556, 557, 560, 565, 572, 589-90, 600).  *see generally Sanders v. Comm'r of Soc. Sec*., No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Plaintiff was able to cook, shop, and attend to household chores and personal care. (T at 294, 319).  Dr. Saeed, the State Agency review physician, opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and stand, sit, or walk for about 6 hours in an 8-hour workday. (T at 61).  Dr. Torres-Acosta, a consultative examiner, reported that Plaintiff had no limitations as to walking, sitting, or standing, and could lift and carry less than 15 pounds. (T at 310).  Although the ALJ found Plaintiff more limited and considered Dr. Torres-Acosta's opinion "not fully persuasive" (T at 21), the opinion does provide some support for the ALJ's decision to discount Dr. Patel's more restrictive assessment.

Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

The Court concludes that the ALJ's determination that Dr. Patel's opinion was only "somewhat persuasive" is supported by substantial evidence under the deferential standard of review applicable here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 24) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 26) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment and close the file.

Dated: March 30, 2022          *s/Gary R. Jones*
                               GARY R. JONES
                               United States Magistrate Judge